

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| VERNELL L. BUTLER,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| vs. | § | Civil Action No.: 3:25-4910-MGL |
| | § | |
| TIMOTHY P. MEADORS,<br>　　　　Defendant. | §<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING THE GOVERNMENT'S MOTIONS TO SUBSTITUTE AND DISMISS,
AND DEEMING AS MOOT PLAINTIFF'S MOTION TO REMAND**

Plaintiff Vernell L. Butler (Butler), who is representing himself, brought this civil action against Defendant Timothy P. Meadors (Meadors) in the Richland County Magistrate Court.

The government, on behalf of Meadors, removed the case to this Court. Attached to the government's notice of removal is a certification of employment, stating "Meadors was at all times relevant acting within the scope of his employment with the [United States] Army at the time of the alleged negligent acts and, therefore, the Federal Tort Claims Act provides the exclusive remedy for any acts or omissions regarding the incident out of which the suit rose." Government's Certification at 1; *see* 28 U.S.C. § 2679(d)(2) (permitting removal and substitution based on the government's certification that a federal employee was acting within the scope of his employment at the time of the alleged incident).

The government also filed two motions on behalf of Meadors: a motion to substitute itself in his place and a motion to dismiss for lack of subject matter jurisdiction and/or failure to state a claim. Butler then filed a motion to remand.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court grant the government's motions and deem as moot Butler's motion. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 17, 2025. Butler objected on July 29, 2025. Neither Meadors nor the government replied. The Court has carefully reviewed the objections but holds them to be without merit. It will therefore enter judgment accordingly.

The Magistrate Judge, as the Court noted above, proposes the Court grant the government's motions to dismiss and substitute and deem as moot Butler's motion to remand.

Butler evidently challenges the Magistrate Judge's suggestion relative to the government's motion to substitute. More specifically, Butler implies substitution is inappropriate, as Meadors "was not acting on behalf of the [f]ederal [g]overnment when the slander statement was made." Butler's Objections at 1.

As the Magistrate Judge explained, the Federal Tort Claims Act "is the exclusive remedy for 'personal injury . . . arising or resulting from the negligent or wrongful act or omission of any employee of the [g]overnment while acting within the scope of his office or employment.'" Report at 3 (quoting 28 U.S.C. § 2679(b)).

In determining whether a federal employee's act falls within the scope of his employment, the government's "scope-of-employment certification is prima facie evidence that the defendant federal employee acted within the scope of his employment, thereby placing the burden on the plaintiff to prove otherwise." *Id.* at 4 (quoting *Gutierrez de Martinez v. Drug Enf't Admin.*, 111 F.3d 1148, 1155 (4th Cir. 1997)). To satisfy this burden, the "[p]laintiff must present 'specific evidence or the forecast of specific evidence that contradicts the [government]'s certification decision, not mere conclusory allegations and speculation." *Id.* (quoting *Gutierrez de Martinez*, 111 F.3d at 1155).

Here, Butler claims "[Meadors] was not acting on behalf of the [f]ederal [g]overnment when the slander statement was made. I am not an employee of . . . Meadors, in fact I work for his Higher Headquarters, so in this case . . . Meadors made a statement that called into question my capability, competence and knowledge. . . . His slander was a personal statement and had nothing to do with his performance of governmental duties." Butler's Objections at 1–2.

Like the Magistrate Judge, the Court is convinced such vague allegations are "insufficient to carry [Butler]'s burden to present 'specific evidence or the forecast of specific evidence that contradicts the [government]'s certification decision[.]" Report at 6 (quoting *Gutierrez de Martinez*, 111 F.3d at 1155). The Court will thus overrule Butler's objections.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Butler's objections, adopts the Report, and incorporates it herein.

3

Therefore, it is the judgment of the Court the government's motions to substitute and dismiss are **GRANTED**, and Butler's claims are **DISMISSED WITHOUT PREJUDICE**. Based on this ruling, Butler's motion to remand is necessarily **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 1st day of December 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of their right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.